JOSEPH SHAARA and ROSE SHAARA, Petitioners V. COMMISSIONER OF INTERNAL REVENUE, Respondent
Shaara v. Commissioner
Docket No. 590-75.
United States Tax Court
T.C. Memo 1980-247; 1980 Tax Ct. Memo LEXIS 340; 40 T.C.M. (CCH) 643; T.C.M. (RIA) 80247; July 14, 1980, Filed *340 Held, petitioner acted as a mere conduit in making kickback payments to public officials on behalf of Shaara Construction, Inc., during the years 1967, 1968 and 1969. Therefore, amounts received by petitioner from that corporation during those years did not constitute gross income. Furthermore, petitioner was not required to include the purported bonus of $25,000 he received from Shaara Construction, Inc., in 1969 on his return as gross income for that year. Stephen W. Dermer and David W. Mills, for the petitioners. Patrick E. Whelan, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined deficiencies in petitioners' Federal income tax and additions to the tax pursuant to section 6653(b) [1] as to Joseph Shaara as follows: *341 Sec. 6653(b)
Year
Deficiency
Addition to Tax
1967
$ 1,598.25
$ 799.13
1968
2,791.75
1,395.88
1969
22,740.40
11,370.20
After concessions, the issues remaining for decision are: 1. Whether amounts received by petitioner Joseph Shaara from Shaara Construction, Inc., during 1967, 1968 and 1969 constituted gross income under section 61. 2. If the receipt of such amounts was income to petitioners, whether the section 6653(b) addition to the tax for fraud should be imposed on petitioner Joseph Shaara for underpayment of tax as a result of failing to report that income during 1967, 1968 and 1969. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Joseph Shaara (hereinafter petitioner) and Rose Shaara, husband and wife, resided at Jersey City, New Jersey, when they filed their joint Federal income tax returns for the years 1967, 1968 and 1969 with the Office of the Internal Revenue Service at Philadelphia, Pennsylvania, and when they filed their petition in this case. In 1967, petitioner formed and incorporated Shaara Construction, Inc., to engage in the business of paving and related construction work. During 1967, 1968 and *342 1969, the years at issue, petitioner was president and chief operating officer of Shaara Construction, Inc., and owned 45 percent of the corporation's stock. Petitioner, a lifelong resident of Jersey City, New Jersey, had approximately 40 years' experience in the construction business, starting on a road building crew in South Carolina. Immediately prior to forming Shaara Construction, Inc., he was employed as a supervisor for a construction company. During the period 1967-1969, Shaara Construction, Inc., received and performed a substantial number of contracts from municipal and county governments in Hudson County, New Jersey, particularly the city of Jersey City and Hudson County. During that period, a widespread kickback scheme existed in Jersey City and Hudson County whereby construction contractors doing business with the city or county were usually required to make payments to local officials equaling approximately 10 percent of the total contract price. In 1971, a number of public officials of Hudson County and Jersey City were convicted of participation in the kickback scheme. The indictment charged that the scheme existed from November 1, 1963 through the date of *343 such indictment, November 16, 1970. The convictions of the defendants who appealed were affirmed in . In affirming the convictions, the Third Circuit at 1211 stated: Each of the defendants was, or had been, a highly placed public official or political leader in Jersey City or Hudson County or both. It was the Federal Government's theory that each acting in concert with one or more of the others used his position to fasten upon both the city and county administrations a system whereby no one could do business with either without kicking back a percentage, usually 10%, of the contract price. * * *
The proof in the record of the existence of a system for diverting the apparatus of city and county government to private, unlawful ends is overwhelming. Among the municipal and county officials who collected kickbacks as part of the conspiracy were Frank Manning, who at the time was county engineer for Hudson County, and Bernard Murphy, who at the time served as a purchasing agent for the city of Jersey City. Petitioner has known Frank Manning since the late 1950's and Bernard Murphy since the middle 1960's. *344 At the time petitioner formed Shaara Construction, Inc, he was aware of the existence of the kickback scheme but believed the public officials involved would spare the corporation from paying kickbacks because of its relatively small size. When the corporation became entitled to its first payment for work completed, however, petitioner was informed that the corporation would have to pay kickbacks. Accordingly, petitioner participated in the kickback scheme to obtain jobs from Jersey City and Hudson County and to assure the corporation would not be denied bidding privileges with those governments. In order to participate in the scheme, petitioner generated cash from Shaara Construction, Inc., using two methods. In some instances, where goods or services were provided to the corporation by a vendor, an inflated invoice was prepared reflecting a larger amount due from the corporation than was actually due. The corporation would then issue a check for the amount of the invoice, and the vendor would return cash to petitioner for the balance of the check in excess of the actual amount due. In other instances, where there was no work in progress by a cooperative vendor, a check *345 would be issued by the corporation for nonexistent services. The cooperative vendor would then cash the check and return the proceeds to petitioner along with an invoice for the nonexistent services. Among the subcontractors and suppliers who returned the proceeds of cashed checks to petitioner were Peter Stisi, Cosmo Rose, and R. Bernaldo. As a result of petitioner generating cash from Shaara Construction, Inc., in this manner, respondent determined in the statutory notice that petitioner received "other income" of $3,367.00, $7,675.00 and $37,276.85 during the years 1967, 1968 and 1969, respectively. Between June of 1967 and December 31, 1967, Shaara Construction, Inc., received payments from the city of Jersey City totaling $107,801.00. The "other income" of $3,367.00 for the year 1967 related to one check, number 535, of Shaara Construction, Inc., dated November 9, 1967, payable to Peter Stisi who cashed it and returned the proceeds to petitioner. During 1968, Shaara Construction, Inc., received payments from the city of Jersey City and Hudson County totaling $218,716.00. The "other income" of $7,675.00 for the year 1968 related to three checks of Shaara Construction, *346 Inc., payable to Peter Stisi who cashed them and returned the proceeds to petitioner. These checks included check number 668, dated February 1, 1968, in the amount of $3,275.00; check number 1044, dated August 30, 1968, in the amount of $3,400.00; and check number 831, dated May 13, 1968, in the amount of $1,000.00. During 1969, Shaara Construction, Inc., received payments from the city of Jersey City and Hudson County totaling $1,064,178.83. The "other income" of $37,276.85 for the year 1969 included the following checks of Shaara Construction, Inc.: check number 1449, dated March 7, 1969, in the amount of $1,200.00, payable to Peter Stisi; check number 1864, dated July 23, 1969, in the amount of $9,013.05, payable to Peter Stisi; check number 1996, dated September 3, 1969, in the amount of $6,834.00, payable to Peter Stisi; check number 1997, dated September 3, 1969, in the amount of $1,622.60, payable to Peter Stisi; check number 2399, dated December 18, 1969, in the amount of $7,632.00, payable to Peter Stisi; check number 1314, dated January 13, 1969, in the amount of $3,400.00 payable to Cosmo Rose; check number 1315, dated January 13, 1969, in the amount of $4,500.00, payable *347 to Cosmo Rose; and check number 1641, dated May 7, 1969, in the amount of $3,075.20, payable to R. Bernaldo. Each of the above checks was written by petitioner on the account of Shaara Construction, Inc., was cashed by the named payee, and the proceeds thereof were returned to petitioner. For the taxable year ending December 31, 1969, petitioner reported gross income of $46,076.00. Such amount included $25,000.00 petitioner received as a bonus from Shaara Construction, Inc. The bonus was paid by two checks drawn on the accounts of Shaara Construction, Inc., payable to petitioner which included check number 2297, dated December 1, 1969, in the amount of $15,000.00, and check number 2299, dated December 1, 1969, in the amount of $10,000.00. Frank Manning, county engineer for Hudson County, collected kickbacks from petitioner during the years at issue. He received kickback payments from petitioner after Shaara Construction, Inc., received payments from the county for work completed. These kickback payments were received by him at his fifth floor office in the County Administration Building. Bernard Murphy, a purchasing agent for the city of Jersey City, also received kickback *348 payments from petitioner on several occasions during the years at issue. He also received kickback payments from petitioner after Shaara Construction, Inc., received payments from the city for work completed. On one particular occasion in December 1969, he received a payment of $25,000.00 from petitioner in two envelopes at the Casino in the Park restaurant in Jersey City, which money was turned over by him to another individual or individuals as a kickback. The amounts of $3,367.00 in 1967, $7,675.00 in 1968, $37,276.85 in 1969, as well as the $25,000.00 bonus received by petitioner from Shaara Construction, Inc., were paid by the corporation to petitioner pursuant to a predetermined plan whereby petitioner was to utilize the funds to pay kickbacks to public officials of the Jersey City and Hudson County governments. Petitioner paid the entire amounts of such payments to local government officials for this purpose. Petitioner, however, did not maintain any record of the kickback payments he made. OPINION Respondent maintains that petitioner fraudulently and with intent to evade tax omitted substantial amounts of income from his returns for the years 1967, 1968 and 1969. *349 More specifically, respondent claims that during the years 1967, 1968 and 1969, petitioner received additional income in the amounts of $3,367.00, $7,675.00 and $37,276.85, respectively, from Shaara Construction, Inc., which should have been reported on his returns for such years. Respondent also claims that petitioner properly included a $25,000.00 bonus from Shaara Construction, Inc., as income on his 1969 return. Petitioner maintains that he did not fraudulently understate his income during the years at issue in that he was not required to report such amounts received from Shaara Construction, Inc. He claims he acted as a mere conduit in receiving the amounts in question for the sole purpose of utilizing the funds to make kickbacks on behalf of Shaara Construction, Inc., and did in fact apply such funds entirely for this purpose. Although we do not condone petitioner's payment of kickbacks, we found petitioner to be a very credible witness. His testimony was not only forthright and consistent, but also convincing. We, accordingly, agree with and hold for petitioner. It is well settled that a taxpayer who receives amounts under a claim of right or without restrictions *350 as to its disposition must include such amounts in gross income. . The existence of a claim of right is negated, however, when a taxpayer is required to make prompt payment of amounts received even if such payments are made in the absence of an enforceable obligation. . [2] Therefore, amounts received over which a taxpayer is acting as a mere conduit are not required to be reported as income. , affd. ; . We are convinced on the record of this case that petitioner acted as a mere conduit with respect to the amounts at issue. During the years at issue, there existed in Jersey City, New Jersey, and Hudson County, New Jersey, a widespread system pursuant to which any construction contractor wishing to do business with either the city or county was required to pay kickbacks to local *351 officials, usually equaling 10 percent of the contract price. Shaara Construction, Inc., was engaged in the construction business during this period and a substantial amount of its work involved city and county construction contracts. Accordingly, Shaara Construction, Inc., was required to participate in the kickback scheme in order to obtain jobs and assure bidding privileges with those governments. Petitioner was president and chief operating officer of Shaara Construction, Inc., and owned 45 percent of the corporation's stock. During 1967, 1968 and 1969, he periodically caused Shaara Construction, Inc., to deliver checks to various suppliers and subcontractors of the corporation to cover padded and nonexistent debts purportedly owed to such suppliers and subcontractors. These suppliers and subcontractors, including Mr. Peter Stisi, Mr. Cosmo Rose and Mr. R. Bernaldo, then cashed the checks and returned the cash to petitioner. During December of 1969, Shaara Construction, Inc., also issued a $25,000 bonus to petitioner which he included in income in that year. At trial, petitioner testified that he received the amounts in question for the sole purpose of making kickbacks *352 on behalf of the corporation and that he did in fact apply all of these amounts for that purpose. Bernard Murphy, the purchasing agent for the city of Jersey City during the period of 1967-1969, also testified at trial. In his testimony, Mr. Murphy stated that petitioner had made kickback payments to him every time Shaara Construction, Inc., received payment from the city for work completed. He also testified that he received two envelopes containing money as a kickback from petitioner in December of 1969 which money he transmitted to another individual or individuals. Petitioner testified that the amount paid to Mr. Murphy was the $25,000 bonus he received from Shaara Construction, Inc. Moreover, this record contains the testimony of Frank Manning, a Hudson County engineer during the years at issue, from the trial concerning the kickback scheme which prevailed in Jersey City and Hudson County. Mr. Manning stated that he had received a number of kickback payments from petitioner, one payment for each time Shaara Construction, Inc., received a check from the county for work performed. As noted above, we found petitioner to be a very credible individual. There is no doubt *353 that he obtained cash from some of his suppliers and subcontractors by writing checks for padded and nonexistent debts in order to provide him with the amounts he needed for paying kickbacks to the public officials of Jersey City and Hudson County. He was frank in explaining both how he obtained the cash to make the kickback payments and how he made such payments. We do not believe he used one cent of the cash he obtained for kickbacks for his own personal use and therefore must find he did not fail to report income during the years at issue. Petitioner acted as a mere conduit. Similarly, the testimony of Mr. Manning, one of the officials who received kickback payments from petitioner, was also very credible. He corroborated petitioner's testimony regarding the $25,000.00 payment which cash had been generated from Shaara Construction, Inc., as a purported bonus. Mr. Manning stated that he had met petitioner at a restaurant on a particular occasion and they went to the men's where petitioner gave him two sealed envelopes allegedly containing the $25,000. We found petitioner's testimony and Mr. Manning's corroborating testimony so persuasive that we have been able to find the *354 transfer of $25,000 as fact. Respondent does not challenge the veracity of the testimony on behalf of the petitioner in this record other than to assert it was self-serving. Be that as it may, we are convinced that petitioner acted as a conduit and, accordingly, was not required to report the amounts he passed on to public officials as kickbacks on behalf of the corporation. There is nothing in this record which contradicts petitioner's position in this case. Respondent asserts that the amounts at issue should have been reported as income because such amounts were in the dominion and control of petitioner and were dedicated to his own financial benefit through the enrichment of Shaara Construction, Inc., of which he was a 45 percent shareholder. Our finding that petitioner acted as a conduit negates respondent's "dominion and control" argument in that it is well settled that the mere receipt and possession of cash does not by itself constitute taxable income. Furthermore, while petitioner may have benefited indirectly from the enrichment of Shaara Construction, Inc., the corporation is a separate entity and will *355 not be ignored for Federal tax purposes. . In making his assertion with respect to the kickback payments made on behalf of Shaara Construction, Inc., by petitioner, respondent neither suggests that the corporation was a sham nor would the record support such a claim. Respondent also asserts that petitioner failed to substantiate the amounts paid as kickbacks in that he did not maintain records similar to those required for claiming deductions from gross income. This assertion is totally without merit. There exists no requirement, statutory or otherwise, that a taxpayer maintain records to substantiate the amounts involved in a kickback scheme in order to avoid the imposition of income tax on the transitory receipt of such amounts ultimately used to pay kickbacks on behalf of a corporation. Moreover, we are satisfied on the basis of this record that the amounts at issue were actually paid by petitioner as kickbacks on behalf of the corporation to the public officials of Jersey City and Hudson County. We further reject respondent's argument that the amounts at issue must constitute gross income under *356 the claim of right doctrine because petitioner was not under a legally enforceable obligation to make the kickback payments on behalf of the corporation. Even in the absence of an enforceable obligation to pay over amounts received from a corporation, the prompt payment thereof by one acting as a conduit negates any claim of right. [3]
In conclusion, petitioner was not required to report $3,367.00, $7,675.00 and $37,276.85 during 1967, 1968 and 1969, respectively. Petitioner was also not required to include in gross income the $25,000 he generated as a bonus from Shaara Construction, Inc., for purposes of making kickback payments. In view of our holding, it is unnecessary for us to determine whether the section 6653(b) addition to the tax for fraud should be imposed on petitioner for underpayment of tax. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. See also .↩
3. See also .↩